UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARVIN DAUZAT | CIVIL ACTION NO. 2:14-cv-03008 E (3) |
| VS. | SECTION: MORGAN |
| WEEKS MARINE, INC. and the Cutter Dredge G.D. MORGAN, its appurtenances, gear, tackle, etc. | MAGISTRATE: KNOWLES |

**OPPOSITION TO MOTION TO EXCLUDE THE INSTALLATION OF THE GRATING ON THE STAIRS ON WHICH MARVIN DAUZAT FELL AS A SUBSEQUENT REMEDIAL MEASURE EXCLUDIBLE PURSUANT TO EVIDENCE RULE ART. 407**

**INTRODUCTION**

Defendants, Weeks Marine, Inc., Atlantic Sounding Co., Inc., and Cutter Dredge G.D. Morgan, have filed a motion to exclude evidence of the grating installed at the request of Stephen Bienkowski, a third-party safety man aboard the G.D. Morgan during the Corps of Engineers dredging work. The grating was put in after the Marvin Dauzat accident then almost immediately taken out at the order of Captain James Bullock, master of the G.D. Morgan. There is no authority for this astonishing motion other than the text of Rule of Evidence Rule 407.

**SUMMARY OF THE ARGUMENT**

1.      As the purpose of the introduction of evidence concerning the grating is causation and other purposes specifically stated not to be within the scope of Rule 407, the motion should not be granted.

2.      As the grating was installed at the insistence of a third party, Rule 407 does not apply.

1

3.      *In limine* motions concerning evidence are not necessary in this judge-tried case since the Court can evaluate the evidence concerning the grating and give it the weight that it deserves.

## THE UNDERLYING FACTS

As may be seen from the testimony of Mr. Bienkowski,[1] who is not employed by Weeks/Atlanic/GD Morgan, but who works for a third party, he requested that Captain Bullock have the grating installed. This is confirmed by Captain Bullock, who then promptly had the grating uninstalled.[2]

## THE APPLICABLE LAW

### I. THE PURPOSE OF ADMISSION IS NOT TO SHOW CULPABILITY BUT CAUSATION AND OTHER EXCEPTIONS TO RULE 407'S EXCLUSION

Rule 407 and its reporter's comments state in pertinent part:

Rule 407. Subsequent Remedial Measures

When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

- negligence;

- culpable conduct;

- a defect in a product or its design; or

- a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Reporter's Comments

The second sentence of the rule directs attention to the limitations of the

---

[1] Pages 25/13-32/12 are attached as Exhibit 1.

[2] Pages 38-40 and 45 are attached as Exhibit 2.

rule. Exclusion is called for only when the evidence of subsequent remedial measures is offered as proof of negligence or culpable conduct. In effect it rejects the suggested inference that fault is admitted. Other purposes are, however, allowable, including ownership or control, existence of duty, and feasibility of precautionary measures, if controverted, and impeachment.

Please see *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 428-32 (5th Cir. 2006) and *Herrington v. Hiller*, 883 F.2d 411, 412-16 (5th Cir. 1989).

## II. THE RULE IS INAPPLICABLE TO THIRD PARTIES

The grating was put in after and as a result of the Marvin Dauzat accident at the request of Stephen Bienkowski, a third-party safety man. It was almost immediately taken out at the order of Captain James Bullock.

Given third-party causation, Rule 407 is inapplicable. *Gross v. Baltimore Aircoil Co., Inc.*, 2016 WL 1077838, at *3-5 (S.D. Miss. Mar. 17, 2016) and *Diehl v. Blaw-Knox*, 360 F.3d 426, 428-34 (3d Cir. 2004).

## III. AS THE PURPOSE OF *IN LIMINE* MOTIONS IS TO KEEP PREJUDICIAL EVIDENCE FROM THE JURY, IT DOES NOT APPLY TO THIS JUDGE-TRIED CASE

Almost without exception, *in limine* motions are unnecessary in judge-tried cases and have been uniformly rejected. See *Gibbs v. Gibbs,* 210 F.3d 491, 500 (5th Cir. 2000); *Berry v. Sch. Dist. of City of Benton Harbor,* 195 F.Supp.2d 971, 977 (W.D. Mich. 2002), *order clarified*, 206 F.Supp.2d 899 (W.D. Mich. 2002); *In re Dow Corning Corp.*, 237 B.R. 364, 371 (Bankr. E.D. Mich. 1999); *Ekotek Site PRP Comm. v. Self,* 1 F.Supp.2d 1282, 1296 (D. Utah 1998); *Doctor John's, Inc. v. City of Sioux City, Iowa*, 2007 WL 5788, at *4 (N.D. Iowa Jan. 2, 2007); *Albarado v. Chouest Offshore, LLC*, 2003 WL 22204538, at *1 (E.D. La. Sept. 5, 2003), and *Stranjac v. Jenkins,* 2012 WL 3862377, at *14 (M.D. La. Sept. 5, 2012).

## CONCLUSION

The motion brought by defendants, Weeks Marine, Inc., Atlantic Sounding Co., Inc., and the Cutter Dredge G.D. Morgan, is totally without merit and should be denied.

> KOERNER LAW FIRM
> /s/ Louis R. Koerner, Jr.
> Louis R. Koerner, Jr.
> Louisiana Bar 7817
> 1204 Jackson Avenue
> New Orleans, Louisiana 70130
> P.O. Box 4297
> Houma, Louisiana 70361
> Telephone: 985-580-0350
> New Orleans: 504-581-9569
> Telecopier: 504-324-1798
> (Cellular) 504-405-1411
> e-mail: koerner@koerner-law.com
> www.koerner-law.com
> Attorney for Marvin Dauzat

## CERTIFICATE

I hereby certify that a copy of the foregoing pleading has been served upon all interested counsel by ECF filing on May 23, 2016.

> /s/Louis R. Koerner, Jr.
> Louis R. Koerner, Jr.

4