## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARVIN DAUZAT,**                                    **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                            **No. 14-3008**

**WEEKS MARINE, INC., et al.,**                       **SECTION "E" (3)**
    **Defendants**

### ORDER AND REASONS

Before the Court is Defendants' motion for partial summary judgment.[1] Defendants seek summary judgment on Plaintiff's maintenance-and-cure claim under the Fifth Circuit's decision in *McCorpen v. Central Gulf Steamship Corp.*[2]

### BACKGROUND

This is a maritime personal injury case. Plaintiff Marvin Dauzat ("Dauzat") alleges that on August 14, 2014, he was hired by Defendant Atlantic Sounding Co., Inc. ("Atlantic") as an oiler and member of the crew of the cutter dredge G.D. MORGAN, which was owned by Weeks Marine, Inc. ("Weeks").[3] Dauzat alleges that on August 28, 2014, while in the course and scope of his employment and service on the G.D. MORGAN, he slipped while descending a stairwell aboard the G.D. MORGAN.[4] Dauzat alleges he injured his leg, back, and hip as a result of the fall.[5]

On December 31, 2014, Dauzat brought suit against Weeks, Atlantic,[6] and the G.D. MORGAN (collectively, "Defendants"). Dauzat brings claims for unseaworthiness,

---

[1] R. Doc. 34.
[2] 396 F.2d 547 (5th Cir. 1968).
[3] R. Doc. 19 at ¶¶ 4–5; R. Doc. 24 at ¶¶ 4–5.
[4] R. Doc. 19 at ¶¶ 8–12.
[5] *Id.* at ¶ 12.
[6] Atlantic was named as a defendant in the First Amended Complaint. *Id.* at ¶ 4(B).

negligence, and vessel negligence under the general maritime law, and alleges he has not received the maintenance and cure to which he is entitled.[7]

On April 4, 2016, Defendants filed a motion for partial summary judgment on Dauzat's maintenance-and-cure claim under the Fifth Circuit's decision in *McCorpen*.[8] Dauzat filed a response in opposition to Defendants' motion on April 21, 2016,[9] and a supplemental opposition on May 12, 2016.[10] Defendants filed a reply in support of their motion on May 20, 2016.[11]

## STANDARD OF LAW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "An issue is material if its resolution could affect the outcome of the action."[13] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[14] All reasonable inferences are drawn in favor of the non-moving party.[15] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[16]

---

[7] *Id.* at ¶¶ 18–23.
[8] R. Doc. 34.
[9] R. Doc. 58.
[10] R. Doc. 62.
[11] R. Doc. 66.
[12] Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[13] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[17] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[18]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, as in this case, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[19] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[20] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[21] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the

---

[17] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[18] *Celotex*, 477 U.S. at 322–24.
[19] *Id.* at 331–32 (Brennan, J., dissenting).
[20] *See id.* at 332.
[21] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[22]

## LAW AND ANALYSIS

Defendants argue they are entitled to summary judgment on Dauzat's maintenance-and-cure claim because Dauzat "concealed his extensive medical history regarding his two prior lower back injuries and medical treatment for same,"[23] the concealed medical information was material to Atlantic's decision to hire Dauzat, and there is a causal connection between the concealed information and the injuries at issue in this case.[24]

"Maintenance and cure is a contractual form of compensation afforded by the general maritime law to seamen who fall ill or are injured while in the service of a vessel."[25] A seaman's employer may, however, rely on certain legal defenses, such as the "*McCorpen* defense," to deny claims for maintenance and cure.[26] In *McCorpen*, the Fifth Circuit concluded that, while maintenance and cure may be awarded to a seaman who has suffered from a preexisting injury, a seaman forfeits his or her right to maintenance and cure when he or she fails to disclose certain medical facts, or misrepresents those facts, when asked about them in connection with an employment application.[27] An employer

---

[22] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and internal quotation marks omitted).

[23] R. Doc. 34-1 at 4.

[24] *Id.* at 13–17.

[25] *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006).

[26] *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005). *See also Lett v. Omega Protein, Inc.*, 487 F. App'x 839, 848 (5th Cir. 2012).

[27] *McCorpen*, 396 F.2d at 549. *See also Brown*, 410 F.3d at 170–71, 73 (quoting *McCorpen*, 396 F.2d at 549 ("[W]here the [employer] requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure.")).

4

will prevail on this defense, absolving the employer of its maintenance-and-cure obligation to an injured seaman, by establishing three elements: (1) the seaman intentionally concealed or misrepresented information concerning a prior medical condition or injury; (2) the misrepresented or concealed information was material to the employer's decision to hire the seaman; and (3) there exists a causal connection between the non-disclosed injury or condition and an injury or condition complained of in the suit at bar.[28]

Defendants have the burden of proving each element of the *McCorpen* defense by coming forward with evidence that would entitle them to a directed verdict if the evidence went uncontroverted at trial.[29] If Defendants carry this burden, the burden of production shifts to Dauzat to direct the Court's attention to competent summary-judgment evidence sufficient to establish that a genuine issue of material fact exists.[30] Defendants' summary-judgment burden, as applied to the *McCorpen* defense, requires Defendants to establish the absence of disputed material facts with respect to each of the three prongs of the defense and that, as a result, Defendants are entitled to judgment as a matter of law on Plaintiff's maintenance-and-cure claim. Defendants are unable to do so with respect to the second *McCorpen* prong, and summary judgment must be denied for that reason.

The second element of the *McCorpen* defense requires Defendants to establish that Dauzat's misrepresentation or concealment was material to Defendants' hiring decision. Ordinarily, "[t]he fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his

---

[28] *McCorpen*, 396 F.2d at 548–49. *See also Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 301 (5th Cir. 2008) (citations omitted); *Brown*, 410 F.3d at 171.
[29] *Int'l Shortstop*, 939 F.2d at 1263–64.
[30] *See Celotex*, 477 U.S. at 322–24.

job duties, renders the information material for the purpose of this analysis."[31] A genuine issue of material fact exists, however, "when it is unclear whether an employer's hiring decision would be affected by knowledge of a potential employee's previous injuries."[32]

In support of their motion for partial summary judgment, Defendants attached an affidavit from Thomas F. Langan, the risk management director for Weeks and Atlantic.[33] Weeks' risk management department reviews every Atlantic applicant's post-offer medical examination.[34] Langan stated in his affidavit that he has "the authority to delay any applicant's hiring[] and to prevent the placement of any applicant in certain positions, based on information contained within the applicant's post-offer medical examination . . . ."[35] Langan also stated that, had Dauzat's post-offer medical examination revealed that Dauzat received medical treatment for his low back, Dauzat "would not have been employed by Atlantic Sounding Co., Inc. in any heavy or medium duty labor position, which includes the position of oiler or deckhand on any dredge, or any other vessel."[36] Defendants argue they have met their burden on summary judgment with respect to the "materiality" prong because the evidence is sufficient to establish that the misrepresentation or concealment was material to Defendants' hiring decision.[37]

The burden thus shifts to Dauzat to direct the Court's attention to evidence sufficient to show a genuine issue of material fact exists. After the motion for partial summary judgment was filed, Plaintiff deposed Langan and attached excerpts from

---

[31] *Brown*, 410 F.3d at 175.

[32] *Chapman v. Spartan Offshore Drilling, LLC*, No. 15-994, 2016 WL 1393490, at *5 (E.D. La. Apr. 8, 2016) (Lemelle, J.); *Smith v. Diamond Servs. Corp.*, 133 F. Supp. 3d 846, 851 (E.D. La. 2015) (Milazzo, J.); *Hare v. Graham Gulf, Inc.*, 22 F. Supp. 3d 648, 654 (E.D. La. 2014) (Morgan, J.). *See also Jauch*, 470 F.3d at 212.

[33] R. Doc. 34-25.

[34] *Id.* at ¶ 8.

[35] *Id.* at ¶ 9.

[36] *Id.* at ¶ 11.

[37] R. Doc. 34-1 at 15.

6

Langan's deposition to his opposition.[38] Langan testified at his deposition that he merely makes recommendations to "the hiring authority," and "usually my recommendation is taken into consideration."[39] Langan testified, "[W]hoever is hiring [the prospective employee] makes the final decision. I don't make the final decision. All I do is make recommendations."[40] Langan also testified that Noel Ramos would likely make hiring decisions in the dredging division.[41] If Langan saw someone with back problems, he testified that he would "tell Mr. Ramos, 'This is the situation right now. This is [sic] the risks involved. You make the final decision. My recommendation is this. You make the final decision.'"[42]

Langan's deposition testimony controverts his assertion in his affidavit that he has the ability "to prevent the placement of any applicant in certain positions."[43] Instead, his deposition testimony clarifies that this decision is made by Ramos.[44] Defendants have not provided any competent summary-judgment evidence from Ramos or anyone else with the authority to make hiring decisions for Weeks or Atlantic to establish that the misrepresentation or concealment was material to Defendants' hiring decision. Dauzat has met his burden of showing a genuine issue of material fact exists with respect to the "materiality" prong.[45] Because a genuine issue of fact exists with respect to the "materiality" prong of the *McCorpen* defense, Defendants are not entitled to summary judgment, and the Court need not address the remaining *McCorpen* prongs.

---

[38] *See* R. Doc. 62 at 6–7.
[39] *Id.* at 6.
[40] *Id.*
[41] *Id.*
[42] *Id.* at 7.
[43] R. Doc. 34-25 at ¶ 9.
[44] R. Doc. 62 at 6.
[45] *See Chapman*, 2016 WL 1393490, at *5; *Smith*, 133 F. Supp. 3d at 851; *Hare*, 22 F. Supp. 3d at 654; *Jauch*, 470 F.3d at 212.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Defendants' motion for partial summary judgment is **DENIED**.

New Orleans, Louisiana, this 7th day of June, 2016.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**