UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARVIN DAUZAT,**<br>  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 14-3008** |
| **WEEKS MARINE, INC., et al.,**<br>  Defendants | **SECTION "E" (3)** |

### ORDER AND REASONS

Before the Court is Defendants' motion *in limine* to exclude any evidence of subsequent remedial measures.[1]

### BACKGROUND

This is a maritime personal injury case. Plaintiff Marvin Dauzat ("Dauzat") alleges that on August 14, 2014, he was hired by Defendant Atlantic Sounding Co., Inc. ("Atlantic") as an oiler and member of the crew of the cutter dredge G.D. MORGAN, which was owned by Weeks Marine, Inc. ("Weeks").[2] Dauzat alleges that on August 28, 2014, while in the course and scope of his employment and service on the G.D. MORGAN, he slipped while descending a stairwell aboard the G.D. MORGAN.[3] Dauzat alleges he injured his leg, back, and hip as a result of the fall.[4]

On December 31, 2014, Dauzat brought suit against Weeks, Atlantic,[5] and the G.D. MORGAN (collectively, "Defendants"). Dauzat brings claims for unseaworthiness,

---

[1] R. Doc. 56.
[2] R. Doc. 19 at ¶¶ 4–5; R. Doc. 24 at ¶¶ 4–5.
[3] R. Doc. 19 at ¶¶ 8–12.
[4] *Id.* at ¶ 12.
[5] Atlantic was named as a defendant in the First Amended Complaint. *Id.* at ¶ 4(B).

1

negligence, and vessel negligence under the general maritime law, and alleges he has not received the maintenance and cure to which he is entitled.[6]

On May 4, 2016, Defendants filed a motion *in limine* to exclude evidence of subsequent remedial measures.[7] Dauzat filed an opposition on May 23, 2016.[8] On June 6, 2016, Defendants filed an objection to any depositions or exhibits to the extent they relate to Defendants' motion *in limine*.[9]

## LAW AND ANALYSIS

Defendants state in their motion that after Dauzat's alleged August 28, 2014, accident, "the stairway was modified by adding additional grating over the area where Plaintiff alleges his accident occurred."[10] Defendants argue this is a subsequent remedial measure and that evidence thereof is barred under Rule 407 of the Federal Rules of Evidence.

Rule 407 governs the admissibility of evidence of subsequent remedial measures:

When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

- negligence;
- culpable conduct;
- a defect in a product or its design; or
- a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.[11]

---

[6] *Id.* at ¶¶ 18–23.
[7] R. Doc. 56.
[8] R. Doc. 68.
[9] R. Doc. 73.
[10] R. Doc. 56-1 at 2.
[11] FED. R. EVID. 407.

2

The goal underlying Rule 407 is to "encourag[e] people to take, or at least not [to discourage] them from taking, steps in furtherance of added safety."[12] "The rule also seeks to ensure that negligence is properly determined according to what the defendant knew or should have known prior to the accident, not what the defendant knew as a result of the accident."[13]

Courts recognize, however, "that evidence of a subsequent remedial measure is admissible when the post-accident change is taken by a third party or made pursuant to a mandatory regulatory regime."[14]

Dauzat argues Rule 407 is inapplicable to evidence of the additional grating because the grating was added "at the request of Stephen Bienkowski, a third-party safety man" aboard the GD MORGAN during the Corps of Engineers dredging work.[15] Bienkowski testified in his deposition that he asked the captain of the GD MORGAN, James Bullock, to install the additional grating for safety purposes.[16]

In *Thornton v. Diamond Offshore Drilling, Inc.*, another section of this court considered a similar argument.[17] The plaintiff in *Thornton* argued that Rule 407 did not apply to evidence of the defendant's subsequent remedial measures because the plaintiff changed its product only at a third-party's insistence.[18] The court found the evidence in

---

[12] FED. R. EVID. 407 advisory committee's note to 1972 proposed rule. *See also Adams v. Chevron USA, Inc.*, 383 F. App'x 447, 452 (5th Cir. 2010).
[13] *Adams*, 383 F. App'x at 452 (internal quotation marks omitted).
[14] *Thornton v. Diamond Offshore Drilling, Inc.*, No.07-1839, 2008 WL 2315845, at *7 (E.D. La. May 19, 2008) (Vance, J.). *See also Grenada Steel Indus., Inc. v. Alabama Oxygen Co.*, 695 F.2d 883, 889 (5th Cir. 1983) ("[N]either the text of rule 407 nor the policy underlying it excludes evidence of subsequent repairs made by someone other than the defendant.").
[15] R. Doc. 68 at 1, 3.
[16] R. Doc. 68-1 at 2 ("Q. Now, did you ask the Captain to put, you know, some grating down there? A. Based on my evaluation of what I saw there, there was—yeah, possibly we could—we could improve that a little bit and add a little more grating.").
[17] *Thornton*, 2008 WL 2315845, at *7.
[18] *Id.*

3

support of the plaintiff's argument was "weak," noting that, "[u]nlike the cases that have recognized the superior authority exception, this case does not involve a regulatory change or investigative report prepared by a government authority."[19] The plaintiff principally relied on a statement of the defendant's safety supervisor, who said that the third-party's representative was "real adamant about changing" the product at issue.[20] The court explained that, without evidence of the third party's authority over the defendant or threats of sanctions or penalties from the third party, the court could not conclude that the defendant "made the change only as a result of a directive from a higher authority."[21]

Similarly, Dauzat has not presented evidence that Bienkowski had any authority over Weeks, Atlantic, the GD MORGAN, or Captain Bullock. Merely showing that Defendants implemented a subsequent remedial measure at the suggestion of a third party is insufficient to establish the third-party exception to Rule 407. The Court finds Rule 407 renders the evidence of Defendants' subsequent remedial measure inadmissible to prove negligence, culpable conduct, or the need for a warning or instruction.[22]

Dauzat also argues that motions *in limine* are "unnecessary in judge-tried cases and have been uniformly rejected."[23] Motions *in limine*, however, are not limited to jury trials. Indeed, "[m]otions in limine may be as useful in bench trials as they are in jury trials. The authority for the rulings is not limited to jury trials."[24]

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] FED. R. EVID. 407.
[23] R. Doc. 68 at 3.
[24] David F. Herr, Roger S. Haydock and Jeffrey W. Stempel, "Authority," MOTION PRAC. § 18.04.

4

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Defendants' motion *in limine* to exclude evidence of subsequent remedial measures is **GRANTED**.[25]

**New Orleans, Louisiana, this 7th day of June, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[25] Accordingly, Defendants' objection to any depositions or exhibits that relate to this motion is **SUSTAINED**. R. Doc. 73.